## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| FIREMAN'S FUND INSURANCE COMPANY a/s/o SOTHERLY HOTELS, | ) ) ) ) | |
| Plaintiff | ) ) | Civil Action No. _____ |
| v. | ) ) | JURY TRIAL DEMANDED |
| CORNERSTONE MASONRY GROUP, LLC, | ) ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT FOR PROPERTY DAMAGE
## AND DEMAND FOR JURY TRIAL

Plaintiff Fireman's Fund Insurance Company a/s/o Sotherly Hotels ("FFIC")

sues Defendant Cornerstone Masonry Group, LLC ("Cornerstone") as follows:

## The Parties, Jurisdiction and Venue

1.      Plaintiff Fireman's Fund Insurance Company as subrogee of Sotherly

Hotels ("FFIC") is a corporation organized and existing pursuant to the laws of the

State of Illinois with its principal place of business located at 777 San Marin Drive,

Novato, California, 94998, and who at all times material hereto was duly authorized

to issue insurance policies in the State of Georgia.

2.     Defendant Cornerstone Masonry Group, LLC ("Cornerstone") is a Georgia Limited Liability Company with its principal place of business in Cumming, Georgia.  Defendant Cornerstone may be served with process by service upon its registered agent: John Buetel, 1195 Samples Industrial Drive , Suite 100, Cumming, Georgia 30041. At all times material hereto Cornerstone purported to specialize, inter alia, in coatings, concrete, brick, and stone repairs, caulking, tuck pointing, exterior cleaning, masonry restoration, and waterproofing in commercial properties.

3.     Upon information obtained through the office of the Georgia Secretary of State, John Buetel, a resident of the State of Georgia, is the sole member of the LLC.

4.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## Allegation of Facts

6.     Prior to January 15, 2021, FFIC insured the real and personal property of its insured Sotherly Hotels ("Plaintiff's insured" or "Sotherly") located at The

DeSoto Savannah, 15 E. Liberty Street, Savannah, Georgia ("the Subject Premises")

pursuant to policy number USC005098190 ("the Subject Policy").

7.     At all times material hereto, Sotherly owned and operated a number of

hotels including the Subject Premises.

8.     This case arises from a broken water line and subsequent water damage

which occurred on January 15, 2021, at the Subject Premises.

9.     The Subject Premises is a multi-story luxury hotel.

10.     The Subject Premises contains pressurized water supply lines that feed

the water lines connected to the bathrooms in each room or suite.

11.     Prior to January 15, 2021, the Subject Premises was undergoing a

restoration which included the re-facing of the exterior brick walls.

12.     Defendant was a subcontractor on the restoration project responsible

for the re-facing of the brick walls.

13.     On or about January 15, 2021, while in the process of re-facing the

exterior brick walls, Defendant struck and ruptured the water supply lines.

14.     Upon learning of the break to its water supply lines, representatives of

Sotherly chose to allow the water from the broken pipes to temporarily flow freely

down the exterior of the Subject Premises to the ground as the flow of water posed

no danger to the interior of the Subject Premises and Sotherly needed to avoid any

disruption to water service to its occupied rooms which would occur if it closed the main water valves.

15.   Upon information and belief, despite being advised to allow the water to run freely to the outside, Defendant placed "blocks" directly in front of the pipes it damaged which act diverted the water directly into the Subject Premises.

16.   Defendant, by blocking the broken and leaking water supply lines, allowed copious amounts of water to be diverted into the Subject Premises thereby causing extensive damage in numerous rooms and hallways.

17.   As a result of the damages described above, Plaintiff's insured submitted a claim to FFIC for reimbursement and indemnity for its losses covered under the Subject Policy issued by the Plaintiff.

18.   Plaintiff has made payments to its insured and incurred costs in an amount in excess of $141,987.00.

19.   As a result of the payments made by the Plaintiff pursuant to the Subject Policy issued to Sotherly Hotels, the Plaintiff is legally, equitably and contractually subrogated to the claims of its insured against any third parties, including the Defendant herein.

20.   The damages sustained by the Plaintiff were caused by the negligence, carelessness, acts and omissions of the Defendant as more fully set forth below.

## COUNT I - NEGLIGENCE

21.    Defendant owed to Plaintiff's insured Sotherly Hotels the duty to use reasonable care in conducting its restoration work so as to avoid exposing Sotherly Hotels to an unreasonable risk of harm to its property.

22.    Defendant breached the duty it owed to Sotherly Hotels in one or more of the following particulars.

(a)    Failing to use reasonable care in performing the brick refacing work;

(b)    Puncturing or otherwise damaging the water lines which allowed water to run onto the outside balconies at the premises;

(c)    Blocking the safe flow of water to the exterior of the property and instead blocking the water flow and diverting it into the Subject Premises;

(d)    Failing to perform its work and services in a good, safe and workmanlike manner and in accordance with all the applicable building codes and standards, and industry custom and practice;

(e)    Failing to hire competent and experienced workmen, agents, employees and servants to perform work at the property;

(f)    Improperly diverting water back into the Subject Premises;

(g)    Failing to protect the Subject Premises from water damage;

(h)    Failing to adequately supervise and inspect its work and the work of its subcontractors, agents, and employees; and

(i)    Otherwise failing to use due care and skill under the circumstances in ways that may be further disclosed during the course of discovery.

23.     As a direct, proximate, and foreseeable result of Defendant's negligence, FFIC has suffered damages in an amount in excess of $141,987.00.

WHEREFORE, Plaintiff prays:

A.     That summons and process issue and be served upon Defendant compelling it to appear and answer this Complaint;

B.     That Plaintiff have judgment against Defendant in an amount not less than $141,987.00, plus costs, interest, attorney's fees, and expenses as provided by law;

C.     That Plaintiff have trial by jury; and

D.     That Plaintiff have all other relief allowed by law and equity.

Respectfully submitted this 29th day of November, 2021.

/s/ David A. Terry
David A. Terry
Georgia Bar No. 051508
COZEN O'CONNOR
The Promenade, Suite 400
1230 Peachtree Street, N.E.
Atlanta, GA 30309
P: 404-572-2016
F: 404-602-9946
E-mail: dterry@cozen.com

*Attorney for Plaintiff*

Of Counsel:

Mark E. Opalisky (*Pro Hac Vice Motion To Be Filed*) (PA Bar No. 50567)

COZEN O'CONNOR

One Liberty Place

1650 Market Street, Suite 2800

Philadelphia, PA 19103

P:  215.665.2729

F:  215.701.2429

E-mail: mopalisky@cozen.com